IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TURNER CONSTRUCTION COMPANY**<br>800 North Magnolia Avenue<br>Suite 500<br>Orlando, FL 32803<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES, DEPARTMENT OF VETERANS AFFAIRS**<br>Office of Construction and Facilities Management<br>810 Vermont Avenue, NW<br>Washington, DC 20420<br><br>Respondent. | Case No. _____<br><br>**ORAL HEARING REQUESTED** |

## MISCELLANEOUS MOTION TO COMPEL RESPONDENT'S COMPLIANCE WITH SUBPOENA *DUCES TECUM*

Petitioner Turner Construction Company ("Turner"), by and through its undersigned counsel, and pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to issue an order compelling Respondent the United States Department of Veterans Affairs, acting through the Office of Construction and Facilities Management (the "VA") to comply with a subpoena for production of documents ("Subpoena").

This Motion arises out of a consolidated action pending in the United States District Court for the Middle District of Florida, Case Nos. 11-cv-1717-DAB & 11-cv-1983-DAB (Hon. David A. Baker, Presiding) (the "Litigation"). As set forth in detail below, the VA has abrogated its duties to divulge all non-privileged documents responsive to the Subpoena, which was issued by Turner in April 2014. While Turner has sought enforcement of the Subpoena in the District Court for the Middle District of Florida, the VA contested the jurisdiction of that Court to

compel production under Rule 45, on the basis that *this* Court has *exclusive* jurisdiction to enforce the Subpoena. Due to the VA's continuing non-compliance with the Subpoena and disregard for Turner's efforts to obtain documents critical to the Litigation, Turner has no choice but to file the instant motion.

## I.   SUMMARY OF THE LITIGATION

The Litigation involves the construction of the federal project known as the Community Living Center, Domiciliary and Chapel Package 2, New VA Medical Center, Orlando, Florida (the "Project"). The VA engaged Turner as the general contractor for the Project. The Litigation was filed in October 2011 by RMP Capital Corp. ("RMP") and Bolena Construction, Inc. ("Bolena"), pursuant to the Miller Act, 40 U.S.C. § 3133. Because the VA is the Project owner, it has possession and custody of documents critical to developing the claims and defenses central to the Litigation. Several parties to the Litigation, including RMP and Bolena, have issued subpoenas to the VA seeking production of these essential documents.

## II.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure.

2. Venue is appropriate in the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1391 and Rule 45 of the Federal Rules of Civil Procedure, because the VA is headquartered in Washington, D.C. and because the place of compliance for the Subpoena is, at least in part, in Washington, D.C.

## III.   FACTUAL AND PROCEDURAL HISTORY

3. On April 4, 2014, after significant discovery and attempts at mediation, Turner issued a subpoena *duces tecum* to the VA (the "Subpoena"), seeking, among other things all

communications, drawings, photographs, memoranda and other documents related to the Project. A true and correct copy of the Subpoena is attached hereto and incorporated by reference as Exhibit 1.

4. The Subpoena was duly served on the VA at its offices located at 425 I Street, NW, Washington, D.C. 20001. A true and correct copy of the related Affidavit of Service is attached hereto and incorporated by reference as Exhibit 2.

5. Turner timely and properly notified all parties to the Litigation that the Subpoena had been issued to the VA.

6. When the VA unreasonably delayed production under the Subpoena, Turner, RMP and Bolena filed a Joint Motion to Compel Compliance in the Litigation (the "Motion").[1]

7. The VA initially responded to Turner with a letter purporting to limit the VA's obligation to disclose certain records, pursuant to Title 38 of the Code of Federal Regulations. See Exhibit 3.

8. On June 19, 2014, Judge Baker of the U.S. District Court for the Middle District of Florida issued an Order to Show Cause, directing the VA to produce all responsive documents, no later than June 30, 2014 (the "Show Cause Order"). A true and correct copy of the Show Cause Order is attached hereto and incorporated by reference as Exhibit 4.

9. On June 30, 2014, the VA filed a Response to Show Cause Order and Request for Reconsideration ("Response"), a true and correct copy of which is attached hereto as Exhibit 5.

---

[1] In conjunction with the Subpoena, the parties had also filed a request to divulge documents under Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA Request"). In substance, the FOIA Request sought the same set of documents from the VA as requested in the Subpoena. Turner filed the FOIA Request as a parallel remedy for the purpose of expediting and consolidating the document production with the most logical and appropriate personnel at the VA – those typically charged with maintaining and producing documents in VA custody.

10. In the Response, the VA argued that Judge Baker had no jurisdiction to enforce the Subpoena because "[u]nder Rules 45(d)(2)(B), 45(d)((3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court **where compliance is required** under Rule 45(c)." (Ex. 4, pp. 6-8) (emphasis in original)

11. The VA further stated that "[w]ith regard to the subject Subpoena, the court where compliance is required is the District Court for the District of Columbia." (Id. at 8)

12. The VA continued to resist the Subpoena and defend on jurisdictional grounds for nearly a month subsequent to filing the Response.

13. On July 29, 2014, Judge Baker held a status conference in which the VA agreed to produce the requested documents, on the condition that certain redactions would need to be made to remove trade secrets, commercial information, and files that would cause unwarranted invasion of personal privacy. (See Amended Order Concerning Production of Documents from the Department of Veterans Affairs, attached hereto and incorporated by reference as Exhibit 6)

14. The VA advised the Court that it would voluntarily produce the desired documents and would not contest divulging information that is relevant to the Litigation. (Id.)

### The VA's Response to the Subpoena

15. In June 2014, more than two (2) months after being served with Subpoena, the VA gradually began producing documents that it claims were responsive to the Subpoena (the "Documents").[2]

16. The VA produced the Documents in seventeen (17) installments issued between June 26, 2014 and September 10, 2014.[3]

---

[2] In its letters to Turner, the VA states that production is in response to the FOIA Request. This is purely semantic, as the FOIA Request and the Subpoena seek the same set of documents.
[3] The VA's letters to Turner are attached hereto and incorporated by reference as Exhibit 7.

4

17. The VA has never alleged that producing the Documents would impose an undue burden or expense on the VA. (See Ex. 6)

18. The VA never served Turner or any other party to the Litigation with any objection to the Subpoena.[4]

19. The VA has never moved to quash or modify the Subpoena.

20. The VA improperly limited its response to the Subpoena to documents and electronic information generated prior to October 2, 2013, claiming that FOIA limited Turner's discovery to documents created before that date. (See Ex. 7)

The VA Omits Responsive Documents

21. Despite its promise to produce all responsive Documents, Turner has reasonable grounds to conclude that the VA's production to date is incomplete, and that the VA is improperly withholding certain communications and memoranda of critical importance to the Litigation.

22. Turner has obtained from third parties a number of relevant e-mails, letters, and other correspondence involving the VA and responsive to the Subpoena.

23. None of these documents—copies of which are attached hereto and incorporated by reference as Exhibit 8—were produced by the VA, despite Turner's myriad requests for full compliance with the Subpoena.

24. The documents omitted from the VA's disclosure include, but are not limited to:

---

[4] The VA's letters to Turner allege that the VA is in possession of certain documents and/or communications generally exempt from disclosure under FOIA, 5 U.S.C. § 552(b). (See Ex. 6) None of the VA's production was accompanied by a privilege log or any other summary of documents generally referenced as objectionable under FOIA. Regardless, the VA's purported objections were untimely under Rule 45, which requires service of objections upon the moving party within fourteen (14) days of receipt of the subpoena. Fed. R. Civ. P. 45(d)(2)(B).

  i. Correspondence from the VA regarding the VA's intention to withhold progress payments from Turner at the Project (Ex. 8, pp. 6-8);

  ii. Correspondence between the VA and its professional engineers regarding the Project drawings and specifications (Ex. 8, pp. 1-2, 11-27)

  iii. Field Observation Reports generated by the VA's structural engineer at the Project (Ex. 8, pp. 9-10); and

  iv. Correspondence between the VA and third parties regarding survey and inspection services solicited by the VA at the Project (Ex. 8, pp. 3-5).

25. Exhibit 8 contains only a small sample of the type of documents omitted from the VA's production to date, although Turner suspects that additional documents have been withheld.

26. Turner has advised the VA that it believes additional responsive documents have been withheld from the VA's production.

27. Despite Turner's genuine and prolonged efforts to resolve this matter without judicial intervention, the VA continues to refuse to cooperate with Turner's requests for full compliance with the Subpoena.

28. Turner has fulfilled all conditions precedent to bringing this Motion to Compel.

### IV. LEGAL STANDARD

A subpoena issued pursuant to Rule 45 may command a person[5] outside the litigation to "produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(D). The litigant may acquire documents "regarding any non-privileged matter that is relevant to any party's claim or defense, or which appears reasonably calculated to lead to the

---

[5] Like any other agency of the United States Government, the VA is considered a "person" within the meaning of Rule 45. See Yousuf v. Samantar, 451 F.3d 248 (D.C. Cir. 2006).

discovery of admissible evidence." U.S. Dep't of the Treasury v. Pension Benefit Guar. Corp., 12-MC-100 (EGS), 2014 WL 2767592 (D.D.C. Jun. 19, 2014); see also N. Carolina Right to Life, Inc. v. Leake, 231 F.R.D. 49, 51 (D.D.C. 2005) (noting courts' general preference for a broad scope of discovery when interpreting subpoenas).

When responding to a subpoena *duces tecum*, a respondent must produce documents "as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). Further, the respondent must produce any document or electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Id. § 45(e)(1)(B). Federal agencies, like any person, are required to produce all documents responsive to a subpoena and federal district courts owe no deference to self-prescribed agency rules governing the scope of an agency's compliance obligations. Houston Bus. Journal, Inc. v. United States Dep't of the Treasury, 86 F.3d 1208, 1212 (D.C. Cir. 1996) (holding that where federal regulations are in conflict with Rule 45, the district courts owes no deference to the federal agency and withholding documents would exceed the agency's authority); see also S.E.C. v. Selden, 484 F. Supp. 2d 105 (D.D.C. 2007) (allowing litigant to obtain production of documents from federal agency by means of federal subpoena, since federal government has waived its sovereign immunity in federal court and holding that, in context of discovery, a federal agency is not authorized to withhold documents from a federal court).

The responding person generally has fourteen (14) days after service of the subpoena to make a written objection to producing documents and electronically stored information. Id. Upon giving notice to the responding person, any party serving a subpoena duces tecum "may move the court for the district where compliance is required for an order compelling production

or inspection." Fed. R. Civ. P. § 45(d)(2)(B)(i). Absent a timely and meritorious objection or justification, a person's failure to obey a subpoena may warrant holding that person in contempt of the court. See, e.g., Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC, 103 F.3d 1007, 1016 (D.C. Cir. 1997). District Courts may further hold a respondent in contempt where there is a reasonable inference that document production is incomplete or that the respondent is attempting to "hide the ball." Bailey Indus., Inc. v. CLJP, Inc., 270 F.R.D. 662, 671 (N.D. Fla. 2010); Chambers v. Sygma Network, Inc., 6:12-CV-1802-ORL-37, 2013 WL 1775046 (M.D. Fla. Apr. 25, 2013) (noting a "rebuttable presumption" that an institution or agency is in possession and control of relevant documents and electronic information).

V.   ARGUMENT

Independent discovery by Turner has exposed the VA's failure to comply with the Subpoena. Specifically, the VA has omitted communications that directly reflect on the merits of the Litigation. While it is impossible for Turner to know what else has the VA failed to disclose, the VA's failure to honor the Subpoena could unduly prejudice Turner's claims in that case. The VA has offered no basis for its omission of the particular documents at issue and, under Rule 45(d), this Court's intervention is the only relief available to Turner.[6]

   A.   There is a Reasonable Inference that the VA is Improperly Withholding Non-Privileged Documents Responsive to the Subpoena.

The Subpoena requests a plethora of documents relevant to the Litigation, including: (1) all documents and communications between the VA and Reward Wall Systems, Inc. and related to the construction of the Project; (2) all documents and communications between the VA and Allan and Conrad, Inc. and related to the Project; (3) all internal documents between VA

---

[6] The VA has declined to give its consent to have this matter heard in the Middle District of Florida, insisting that this Court has exclusive jurisdiction to decide disputes involving the Subpoena. (Facts ¶ 9)

personnel and related to the wall system at the Project; and (4) all documents relating to any inspections and/or tests of the wall system at the Project. (Ex. 1, pp. 6-8)

By its own independent investigation, Turner has uncovered several documents that are responsive to these specific requests, and which were not included in the VA's production. (Facts ¶¶ 21-26) As in Bailey, there is sufficient reason to believe that the VA's Subpoena responses are incomplete.[7] 270 F.R.D. at 671; see also Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (inferring non-compliance with subpoena where third party failed to adequately explain its non-production). Although the VA has been advised of this discrepancy, the VA continues to flout the Subpoena with impunity.

### B. The VA Has Omitted Non-Privileged Documents Without Justification.

The VA never timely objected to the Subpoena (Facts ¶ 18) and has never asserted that the Subpoena creates an undue burden on the VA (Facts ¶ 16). The VA never moved to quash or modify the Subpoena. (Facts ¶ 19) To the extent that the VA has (belatedly) asserted FOIA exemptions in response to the Subpoena (Facts ¶ 17), these exemptions do not apply to the omitted documents at issue. While Turner has made several requests to counsel for the VA to produce the omitted Documents, the VA continues to withhold without any good basis. (Facts ¶ 20-23) In sum, the Court's intervention under Rule 45 is the only vehicle that will allow Turner to obtain the information necessary to defend the Litigation.

### VI. CONCLUSION

For the reasons stated herein, Turner Construction Company hereby petitions this Honorable Court to enter an order enforcing the subpoena *duces tecum* issued to the United

---

[7] In its discretion, this Court may require the VA to certify that it has conducted a diligent search for the requested Documents and that the heretofore unproduced documents (Exhibit 8) either does not exist or was not initially produced. Bailey, 270 F.R.D. at 671.

9

States Department of Veterans' Affairs and directing the VA to show cause for why it has heretofore failed to produce documents responsive to the Subpoena.

In order to resolve this matter expeditiously, Turner respectfully requests that this Honorable Court schedule an oral hearing on the Court's docket as soon as practicable.

Dated:  September 25, 2014                             Respectfully Submitted,

*A. LaPlaca*
Anthony LaPlaca (D.C. Bar No. 1018207)
Michael A. Branca (D.C. Bar No. 447437)
PECKAR & ABRAMSON, P.C.
2055 L Street, NW – Suite 750
Washington, D.C. 20036
Tel.:  (202)-293-8815
Fax:  (202)-293-7994
alaplaca@pecklaw.com
mbranca@pecklaw.com
***Counsel for Turner Construction Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2014, a true and correct copy of the foregoing Motion to Compel Compliance with Subpoena and corresponding Exhibits were sent to a private process server to be served upon the following:

Shaquana L. Cooper, Esq.
Department of Veterans Affairs
Office of General Counsel
810 Vermont Avenue, NW, 11th Floor
Washington, DC 20420
Phone: (202) 461-4964
Fax: (202) 273-6388 or (202) 273-9037
Email: Shaquana.Cooper@va.gov
***General Attorney***

Kenyatta McLeod-Poole
Department of Veterans Affairs
Office of General Counsel
810 Vermont Avenue, NW

Washington, DC 20420
Telephone: 202-461-7684
Email: Kenyatta.mcleod-poole@va.gov
***Deputy Assistant General Counsel (024A)***

_____
Anthony LaPlaca